### In re MALLOW HOTEL CORPORATION.
No. 9287.

District Court, M. D. Pennsylvania.
Jan. 29, 1937.

Henry A. Gordon and Felix Bolowicz, both of Wilkes-Barre, Pa., and Arthur Butler Graham, of New York City, for trustees of Mallow Hotel Corporation, debtor.

Frank P. Slattery, of Wilkes-Barre, Pa., for Mallow Hotel Corporation.

JOHNSON, District Judge.

This is a petition of the trustees of the Mallow Hotel Corporation, debtor, to show cause why officers of the Mallow Hotel Corporation should not restore to the trustees room No. 378 in the Mallow Sterling Hotel building.

By agreement room No. 378 was assigned to the Mallow Hotel Corporation for the transaction of its corporate business. Subsequently the trustees presented this petition to restore the room, averring that for six years neither the officers nor the directors of the Mallow Hotel Corporation have held any meetings for the conduct of any corporate business; that since the assignment of room No. 378 to the Mallow Hotel Corporation, the mailing address of the corporation and the trustees is the same, whereby confusion has developed in the proper distribution of mail in that mail addressed to the Mallow Hotel Corporation, intended for the trustees, is being claimed by the officers of the Mallow Hotel Corporation; that the trustees are ready and willing to assign a place for the conduct of the meetings of the directors of Mallow Hotel Corporation whenever such meetings shall have been duly called, but in view of the fact that no meetings have been held for the past six years the permanent assignment of a room is unnecessary and costly to the administration of the trusteeship, as well as confusing and embarrassing.

In Gerdes on Corporate Reorganization Vol. I, p. 687, there is stated the duties of officers and directors of a corporation after trustees have been appointed: "Ordinarily, however, the appointment of a trustee leaves the officers without any powers or obligations. * * * The directors may not divest themselves of their legal status as part and parcel of the corporate organization except by resignation or qualification of their successors. Until then they must continue to act as officers, call meetings, and perform such other ministerial duties as are necessary to continue the corporate existence."

The duties of the officers and directors, as above stated, do not require the permanent assignment of a room, and in view of the cost and confusion; as stated by the trustees, the permanent assignment of a room is not advisable. However, as the trustees suggest, a place should be provided for holding duly called meetings, necessary to continue the corporate existence of the Mallow Hotel Corporation, when they occur. The trustees in their proper discretion can adequately do this in a manner that will not cause unnecessary cost or embarrassment to the proper administration of the estate, and in a manner that will be compatible with the necessary corporate functions of the Mallow Hotel Corporation.

And now January 29, 1937, the trustees' petition to restore to their possession room No. 378 in the Mallow Sterling Hotel building is sustained and the rule thereon is made absolute; and the Mallow Hotel Corporation is directed to restore possession of room No. 378 to the trustees of the Mallow Hotel Corporation, debtor; and in accordance with the foregoing opinion the trustees are directed temporarily to provide from time to time a place for holding duly called meetings of the Mallow Hotel Corporation necessary to continue its corporate existence.